UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANASTASIA KAMYSHEVA,

                                         Plaintiff,

            -v.-                                             3:11-CV-1041
                                                             (GTS/ATB)

LIZ WALKER, *et al.*,

                                         Defendants.

_____

ANASTASIA KAMYSHEVA, Plaintiff, *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This case was referred to me by the Honorable Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c).

## I.    Background

In a text order dated January 10, 2012, this court scheduled a telephone conference for January 24, 2012 at 2:00 p.m.  (Dkt. No. 17).  The text order was served by mail on the plaintiff at the address she provided to the court.   The order directed the plaintiff, by January 17, 2012, to provide a telephone number to the court and opposing counsel at which plaintiff could be reached for the conference call.  On January 20, 2012, plaintiff had not yet complied with the January 10, 2012 order.  The court called the plaintiff at the telephone number listed on the docket, and left a message instructing plaintiff to contact the court by 12:00 noon on January 23, 2012, with a telephone number at which she could be reached for the scheduled telephone conference on January 24, 2012.  Plaintiff did not comply with the order.

Based on plaintiff's failure to comply, and in an attempt to give *pro se* plaintiff another opportunity for this case to proceed, on January 26, 2012, this court entered an

order directing plaintiff to provide the court and defense counsel a current address and telephone number where plaintiff could be reached in order to schedule a telephone conference. As of today's date, plaintiff has failed to comply with both the January 10, 2012, and January 26, 2012 orders. In each of those orders, I specifically directed plaintiff to provide her telephone number to both the court and to defense counsel. In the January 26th order, I specifically warned plaintiff that her continued failure to comply could result in the dismissal of her action. (Dkt. No. 20 at 1–3). Plaintiff has not complied with either of the court's orders and therefore, *twice* has **both failed to provide the court with contact information, and has disobeyed a court order**.

## II. Failure to Prosecute

### A. Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or to comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (*pro se* plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit*." *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y.

July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of

Practice for the Northern District of New York states that failure to notify the court of

a change of address in accordance with Local Rule 10.1(b) may result in the dismissal

of any pending action.

The Second Circuit has held that generally, a determination of whether to

dismiss for failure to prosecute involves a consideration of whether plaintiff's failure

caused a delay of considerable duration, whether plaintiff was given notice that further

delay would result in dismissal, and whether defendants will be prejudiced by further

delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.

2004).  The court must also carefully balance the need to alleviate court congestion

with plaintiff's right to have his day in court, and the court must consider the efficacy

of lesser sanctions. *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme

situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

## B.    Application

The case cannot proceed if plaintiff refuses to participate or cannot be found

because she has failed to provide the court with a means of contacting her by

telephone or mail.  Balancing the relevant factors, this court finds that the delay has

been considerable and may be indefinite, because at best plaintiff may have failed to

update her address and telephone number, and at worst is ignoring the court's orders.

The court has given plaintiff clear notice that the action may be dismissed.

It appears from plaintiff's actions, or inaction, that she abandoned this action.

Plaintiff originally filed this case in the Southern District of New York on July 18,

2011.  (Dkt. No. 1).  In her pleading, plaintiff included the address and phone number

currently found on the docket.  (Dkt. No. 1 at 6).  On July 28, 2011, Judge Denise

Cote ordered plaintiff to show cause in writing by August 12, 2011, why the case

should not be transferred to the Northern District of New York.  (Dkt. No. 3).  Plaintiff

clearly received Judge Cote's order, because she filed her response on August 11,

2011.  The response also contained the address and phone number currently found on

the docket.  (Dkt. No. 4 at 4).  Judge Cote transferred the case to the Northern District

of New York on August 31, 2011.  (Dkt. No. 7).

After the case was transferred, plaintiff continued to pursue the action.  On

September 23, 2011, plaintiff filed a response to defendants' affirmative defenses.[1]

(Dkt. No. 14).  Plaintiff again used the same address and telephone number found on

the docket.  (Dkt. Nos. 14 at 4, 14-1, 14-2).  Plaintiff also filed a motion to compel

discovery, using the same address and telephone number.[2]  (Dkt. Nos. 15 at 2, 15-1,

15-4).  The court mailed every order it entered to plaintiff at the only address she has

provided to the court, and none of these orders were returned as undeliverable.  (*See*

Dkt. Nos. 8, 9, 16, 17, 20; Text Order dated 09/07/2011, Text Order dated

09/23/2011).

Plaintiff actively pursued this action both in the Southern District of New York

and the Northern District of New York.  Until recently, the court has been able to

contact plaintiff at the address she provided.  The court has given her ample

---

[1] Plaintiff's reply was stricken pursuant to an order entered on September 24, 2011,
pursuant to Fed. R. Civ. P. 7(a)(7), which does not permit a reply to an answer unless the court
orders a reply.  (Dkt. No. 16).  The court did not order plaintiff to reply to defendants' answer.

[2] Plaintiff's motion to compel was denied as premature pursuant to a text order entered on
September 23, 2011.

opportunity to respond and has clearly warned plaintiff of the consequences of a failure to do so.  Because no document mailed to plaintiff has been returned as undeliverable, it is possible that she is simply ignoring the court's orders.  Whether she has moved without notifying the court or whether she is ignoring the court's orders, she has effectively abandoned this case.  There has already been a delay in this action,[3] and the served defendants will certainly be prejudiced by any further delay.

Based on the above, this court has no alternative but to recommend dismissal of this action.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that this case be **DISMISSED WITH PREJUDICE IN ITS ENTIRETY** pursuant to Fed. R. Civ. P. 41(b) for **FAILURE TO PROSECUTE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 16, 2012

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[3] Some of the defendants have not even been served.