UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANASTASIA KAMYSHEVA,

                        Plaintiff,

v.                                                    3:11-CV-1041
                                                             (GTS/ATB)

LIZ WALKER; ECO VILLAGE;
THE THIRD RESIDENTIAL ECO-VILLAGE
EXPERIENCE; TREE COORDINATING
COMMITTEE; WILLIAM GOODMAN;
WALLACE WATSON; SARAH SILVERSTONE;
RAY STIEFEL; DIANE MALUSO; and
JOHN AND JANE DOES 1-100,

                        Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

ANASTASIA KAMYSHEVA
  Plaintiff, *Pro Se*
2080 First Avenue, Apt. 1003
New York, New York 10029

SCHLATHER, STUMBAR, PARKS & SALK, LLP       DIANE V. BRUNS, ESQ.
  Counsel for Defendants
200 East Buffalo Street
P.O. Box 353
Ithaca, New York 14851

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this pro se civil rights action filed by Anastasia Kamysheva ("Plaintiff") against the above-captioned individuals and entities ("Defendants") alleging discrimination in the sale of housing pursuant to 42 U.S.C. § 3604, is the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) due to

Plaintiff's failure to prosecute this action. (Dkt. No. 21.) Despite having been notified of her right to file an Objection to the Report-Recommendation, Plaintiff has not done so, and the deadline for the filing of such an Objection has expired. (*See generally* Docket Sheet.)

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that the Report-Recommendation is free of any clear error. (*See generally* Dkt. No. 21.)[1] Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) Indeed, Magistrate Judge Baxter's thorough and correct Report-Recommendation would survive even a *de novo* review. (*Id*.)[2] As a result, the Court adopts the Report-Recommendation for the reasons stated therein. (*Id*.)

The Court would add only four brief points. First, generally, durations of four months are sufficient to weigh in favor of dismissal for failure to prosecute. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months). Here, the Court finds that the durations of Plaintiff's failure to prosecute is approximately four months, having begun on January 17, 2012, when she failed to provide to the

---

[1] When *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[2] When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Court a telephone number at which she could be reached for a teleconference. (*See generally* Docket Sheet.)

Second, the prejudice posed to Defendants by Plaintiff's failure to prosecute is exacerbated somewhat by the age of the case (which arises from events allegedly occurring in 2010) and the number of events giving rise to the case. Under the circumstances, a further delay may well affect the memories of the numerous parties (and presumably witnesses) in the case, the ability to locate witnesses, and the preservation of evidence (particularly documentary evidence regarding the housing sale in question). *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

Third, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases.

Fourth, and finally, the Court has carefully considered sanctions less drastic than dismissal with prejudice, and has found them to be inadequate under the circumstances, especially given the blatant nature of Plaintiff's disregard for the Orders of this Court.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is <u>**DISMISSED**</u> **with prejudice in its entirety**.

The Clerk's Office is directed to enter judgment and close this action.

Dated: May 14, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge